Adel **FAZAA**, Petitioner,

v.

Michael B. **MUKASEY**, Attorney General, Respondent.

No. 06–72319.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008.*

Filed Feb. 1, 2008.

Marc J. Wigul, Esq., Tasha Lani Huber Fax, Korenberg Abramowitz & Feldun A

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Law Corporation, Sherman Oaks, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark L. Gross, Esq., U.S. Department of Justice, Civil Rights Division/Appellate Section, Stacey K. Grigsby, U.S. Department of Justice, Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

Adel Fazaa, a native and citizen of Syria, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

■ Where, as here, the BIA adopts the decision of the IJ, we review the IJ's decision as if it were that of the BIA. *See Abebe v. Gonzales,* 432 F.3d 1037, 1039 (9th Cir.2005) (en banc). Fazaa contends that the IJ's adverse credibility determination lacks a valid basis. We disagree. The adverse credibility finding was based upon, *inter alia,* a material omission in his asylum application and credible fear interview regarding a beating he allegedly suffered at the hands of the Syrian military draft board, as well as a discrepancy be-

tween Fazaa's testimony and documentary evidence he submitted. Each finding was specifically and cogently described by the IJ, and supported by the record. Because both the omission and the discrepancy also cast doubt on the events that go to the heart of Fazaa's asylum claim, substantial evidence supports the denial of asylum. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1254 (9th Cir.2003); *Wang v. INS,* 352 F.3d 1250, 1257–58 (9th Cir.2003).

■ Substantial evidence also supports the IJ's finding that Fazaa has failed to establish past persecution or that he has a well-founded fear of future persecution on account of a statutorily-protected ground. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1094–95 (9th Cir.2002). Accordingly, Fazaa is not eligible for asylum.

■ Because Fazaa cannot meet the lower standard of eligibility for asylum, he has failed to show that he is entitled to withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

■ Fazaa's CAT claim is based on the same testimony that was found not credible, and he points to no other evidence that the IJ should have considered in making the CAT determination, thus his CAT claim also fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provid-ed by 9th Cir. R. 36–3.